UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

EDWARD R. POLSTEIN

                                    Plaintiff,

         -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, as the Police
Commissioner; GEORGE A. GRASSO, First Deputy Commissioner;
NELDRA M. ZEIGLER, Deputy Commissioner, Office of Equal
Employment Opportunity; JULIE L. SCHWARTZ, Assistant
Commissioner, Department Advocate's Office; KATHLEEN M.
KEARNS, Managing Attorney, Department Advocate's Office;
CHARLES V. CAMPISI, Chief, Internal Affairs Bureau; RAFAEL
PINIERO, Chief, Personnel Bureau; ARNOLD S.
WECHSLER, Director, Employee Management Division;
individually and in their official capacities as employees of the
Police Department City of New York

                                    Defendants.

-----------------------------------------------------------------------------X

**COMPLAINT AND
JURY DEMAND**

         The plaintiff EDWARD R. POLSTEIN, by his attorneys, Jeffrey L. Goldberg, P.C., as and

for his complaint against defendants THE CITY OF NEW YORK; RAYMOND W. KELLY;

GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M.

KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER,

respectfully set forth and allege that:

## **INTRODUCTION**

         1.      This is an action for equitable relief and money damages on behalf of the plaintiff

EDWARD R. POLSTEIN, (hereinafter referred to as "plaintiff") who was, and who is prospectively

deprived of his constitutional and statutory rights as a result of the defendant's policies and practices

of differentiating between race, color, disabilities and age in the conditions of his employment. Said

policy was implemented under color of law.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a) Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, color, religion, sex and national origin;

(b) Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in employment on the basis of disability;

(c) the Age Discrimination Act of 1967 (hereinafter referred to as the "AGE ACT") providing for injunctive and other relief against discrimination in employment on the basis of age;

(d) the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law;

(e) the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(f) the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

(g) the first amendment of the Bill of Rights of the United States Constitution, providing for protection against interference with a person's right to freedom of expression, freedom of speech and/or the right of people to peaceably assemble.

3.      The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Southern Districts of New York.

4.      The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; New York City Administrative Code § 14-115; New York State Executive Labor Law § 740 (2)(a) and (c); Intentional Infliction of Emotional Distress; and Intentional Inference with an Employment Contract, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.      Plaintiff is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of the county of Suffolk and the State of New York and is a former employee of the defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

## DEFENDANTS

6.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the County of New York, and diverse other offices and facilities throughout the State of New York.

7.      Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 2000e (a) and (b), as amended in 1972, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.     RAYMOND W. KELLY, as the Police Commissioner; GEORGE A. GRASSO,
First Deputy Commissioner; NELDRA M. ZEIGLER, Deputy Commissioner, Office of Equal
Employment Opportunity; JULIE L. SCHWARTZ, Assistant Commissioner, Department
Advocate's Office; KATHLEEN M. KEARNS, Managing Attorney, Department Advocate's
Office; CHARLES V. CAMPISI, Chief, Internal Affairs Bureau; RAFAEL PINIERO, Chief,
Personnel Bureau; ARNOLD S. WECHSLER, Director, Employee Management Division;
individually and in their official capacities as employees of the Police Department City of New
York

## PROCEDURAL REQUIREMENTS

9.     Plaintiff has filed suit with this Court within the applicable statute of limitations
period.

10.     Plaintiff is not required to exhaust any administrative procedures prior to suit under
the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

11.     On or about July 11, 2005, plaintiff sought assistance from the United States
Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

12.     On or about July 23, 2005, plaintiff received a Dismissal and Notice of Right to
Sue from the EEOC.

## BACKGROUND

13.     In or around Early 2000, members of the NYPD began to illegally monitor an
interactive discussion board that plaintiff operated and controlled called the NYPD Rant. This
discussion board is stored on a server located at www.ezboard.com and is still operating to this
day. This board was and is still operating for non-commercial purposes, primarily used as an
outlet for New York City police officers as well as other users to air their personal views about

political activities.   There was and are not any subversive or criminal activities discussed, promoted or condoned on this board.

14.     Plaintiff allege that , the NYPD intentionally and knowingly violated the holding of Handschu v. Special Services Division, the class action decision and decree that outlines when the NYPD may investigate political activities.

15.     Plaintiff alleges that the NYPD regularly engages in suppressive activities to stop an employee's desire and ability to publicly criticize NYPD internal personnel policies, public enforcement policies and public officials.

16.     In or about Early 2003, plaintiff was notified to report to the Internal Affairs Bureau where plaintiff was informed that defendant RAYMOND W. KELLY, as well as other high ranking members of the NYPD were not happy about the topics, discussions and comments posted on the NYPD Rant.   Upon information and belief, minority police officers and/or minority fraternal groups such as the: Guardians Association, 100 Blacks in Law Enforcement, and the National Latino Officers Association (NLOA), who publicly and consistently engage in the same or similar political activities are not punished for expressing their first amendment right to rebuke public officials as well as public policy.

17.     Shortly thereafter, the NYPD through its agents, defendants RAYMOND W. KELLY; GEORGE A. GRASSO; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; and CHARLES V. CAMPISI proffered charges against plaintiff for the following alleged offenses: Specification No.: 1   Said Police Officer Edward Polstein, assigned to PSA # 4, between about June 12, 2002 and about February 13, 2003, controlled and operated an Internet web site on which said Police Officer posted language, remarks, or symbols which were discourteous to ranking members of the New York City Police Department and New York City elected officials;

Specification No.: 2    Said Police Officer Edward Polstein, assigned as indicated in Specification

# 1, on or about the dates indicated in Specification # 1, engaged in conduct prejudicial to the

good order, efficiency, and discipline of the Department, in that said Police Officer controlled

and operated an Internet web site on which Police Officer described a self- initiated test of

N.Y.P.D. Headquarters Security whereby said Police Officer smuggled cellular telephone stun

guns, plastic knives, a plastic choking strap, a mock c-4 plastic explosive, a pipe bomb, and a

counterfeit identification card, into said building; and Specification No.: 3 Said Police Officer

Edward Polstein, assigned as indicated in Specification # 1, on or about the dates indicated in

Specification # 1, engaged in conduct prejudicial to the good order, efficiency, and discipline of

the Department, in that said Police Officer controlled and operated an Internet web site on which

said Police Officer used one or more N.Y.P.D. logos without authorization of the Police

Commissioner or other competent authority.  Upon information and belief, minority police

officers and/or minority fraternal groups such as the: Guardians Association, 100 Blacks in Law

Enforcement, and the National Latino Officers Association (NLOA), who publicly and

consistently engage in the same or similar political activities are not punished for expressing

their first amendment right to rebuke public officials as well as public policy.

18.    Plaintiff alleges that these charges were proffered in retaliation for controlling and

operating the NYPD Rant in violation of plaintiff's first amendment rights.

19.    On or about June 2, 2004, plaintiff appeared before a Mitigation Hearing to

adjudicate the aforementioned charges.

20.    On or about June 24, 2004, Assistant Deputy Commissioner Trials Michael D.

Sarner found plaintiff guilty of all charges and recommended that plaintiff be dismissed from the

NYPD but, defendant RAYMOND W. KELLY determined that plaintiff shall not be dismissed

subject to the terms and conditions set forth in a Post Trial Settlement Agreement.

21.     On or about September 30, 2004, plaintiff felt that he had no other choice but to enter into a Post Trial Settlement Agreement because plaintiff was told that he could not win by PBA Counsel Craig Hayes. The Post Trial Settlement Agreement was subscribed by plaintiff; Craig Hayes; Assistant Department Advocate David H. Green; and defendant KATHLEEN M. KEARNS. Defendants KATHLEEN M. KEARNS; RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHALRES V. CAMPISI; RAFAEL PINEIRO and ARNOLD S. WECHSLER, and Craig Hayes all knew that plaintiff's first amendment rights were being violated. The penalty was that: plaintiff shall immediately file an application for a post-trial vested-interest retirement from the New York City Police Department; plaintiff shall forfeit all time, pay and benefits for the period while under suspension, to wit: from June 24, 2004, through the date plaintiff cease employment by the New York City Police Department; and plaintiff shall forfeit all accrued leave time and terminal leave time. Plaintiff agreed not to file, caused to be filed, or prosecute or continue to prosecute any legal action already commenced or filed whatsoever against the City of New York, the Police Department City of New York, the Police Commissioner or any other of their officers or agents, or any individual regarding any aspect of the Disciplinary case or the underlying investigation, whether as an individual, or as a member of a class in a class action suit etc. Should plaintiff violate any of the terms of the Settlement Agreement in any way, including the filing of any action against the City of New York, the Police Department City of New York, their officers and/or agents, or any individual regarding any aspect of this Disciplinary Case or underlying investigation, then plaintiff understands that the penalty of termination will be imposed.

22.    On or about October 18, 2004, defendant RAYMOND W. KELLY countersigned the Post Trial Settlement Agreement and plaintiff immediately tried to file an application for a Vested Interest Retirement.    Plaintiff was unable to get an appointment until sometime in November 2004.

23.    On or about October 20, 2004, to protect plaintiff's statutory right to an Accidental Disability Retirement Pension, plaintiff filed an application for an Accidental Disability Retirement Pension due to the numerous injuries plaintiff sustained in the line of duty over the course of his career as a police officer.  The NYPD was well aware of nature and the extent of the injuries that plaintiff sustained in the line of duty.

24.    The Department was also aware, that plaintiff was over forty years old at the time of his forced vested retirement and that his prospects for re-employment are low without a retired identification card and a "Good-Guy" letter.  The NYPD purposely did not give plaintiff a retired identification card.  Such conduct is further evidence of the NYPD's retaliation and discrimination against plaintiff with respect to the terms and conditions, privileges of employment.

25.    On or about March 28, 2005, pursuant to statute, the Article II Medical Board reviewed plaintiff's medical history and determined that there were significant objective findings precluding plaintiff from performing the full duties of a New York City Police Officer and unanimously recommended approval of plaintiff's application for an Accidental Disability Retirement Pension.    Upon information and belief, based on the Medical Board's recommendation, it was likely that plaintiff's application would have been approved when the New York City Police Pension Fund's Pension Board re-convened on or about July 13, 2005.

26.    In or around the week of June 21, 2005, plaintiff was notified by the Department

Advocate's Office that if he does not withdraw his application for an Accidental Disability Retirement Pension that he will be in violation of the Post Trial Settlement Agreement and plaintiff will be terminated.  Upon information and belief, since plaintiff has fulfilled his obligations under the Post Trial Settlement Agreement, the NYPD no longer had any personal and/or subject matter jurisdiction over him.

27.    On or about June 30, 2005, through counsel, plaintiff wrote a letter to defendant RAYMOND W. KELLY stating that: the plain meaning of the Agreement of its face simply precludes litigating the disciplinary case or the underlying investigation.  In this letter plaintiff also copied defendants GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; and KATHLEEN M. KEARNS; Deputy Commissioner Legal Matters S Andrew Schaffer; Deputy Commissioner Trials Simone P. Gourdine; and Executive Director Michael D. Welsome of the New York City Police Pension Fund.  Therefore, it is plaintiff's position that plaintiff is entitled to the same statutory benefit as other similarly situated disabled police officers.  Upon information and belief, based on the NYPD's posture, plaintiff believed that he was being further retaliated against because of his control and operation of the NYPD Rant.

28.    On or about July 5, 2005, plaintiff was dismissed as a Police Officer from the NYPD effective 2400 hours, October 18, 2004.  The letter was signed by a Captain Theresa C. Tobin for defendant ARNOLD S. WECHSLER.  In the NYPD's letter, the defendants related the termination date back to October 18, 2004, as if the Post Trial Settlement Agreement never existed.  Upon information and belief, since the NYPD knew that plaintiff did not violate the terms of the Agreement, they improperly and illegally terminated plaintiff under NYC Code § 14-115 when they knew they had no personal and/or subject matter jurisdiction over plaintiff clearly violating plaintiff's right to recover for injuries he sustained in the line of duty.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE AND COLOR DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29.     Plaintiff re-alleges paragraphs 1 through 28 and incorporates them by reference as paragraphs 1 through 28 of Count I of this Complaint.

30.     Plaintiff alleges that defendant CITY through its agents engaged in a pattern and practice of discrimination against him with respect to the terms, conditions and privileges of employment because of the plaintiff's race and color in violation of 42 U.S.C. § 2000e-2.

31.     As part of its pattern and practice of employment discrimination defendant NYPD, through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, treated plaintiff in a manner indicative of race and color discrimination, with respect to its investigation, analysis, and subsequent cover-up, of the defendant's discriminatory behavior.

32.     The failure of defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, to thoroughly investigate plaintiff's allegations of race and color discrimination.

33.     Defendant CITY knew or should have known about RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER's race and color discrimination in the workplace because of their prior history of discriminatory conduct against the plaintiff and other similarly situated individuals.

34.    Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by race and color discrimination in a clear demonstration of bad faith.

35.    That as a result of the discriminatory acts of the defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, plaintiff suffered depression and anxiety and was subsequently terminated.

36.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at plaintiff and continued from in or about Early 2000 until July 5, 2005, when plaintiff was terminated.

37.    As a result of the acts of the defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, loss of pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT II**
**RETALIATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

38.    Plaintiff re-alleges paragraphs 1 through 37 and incorporates them by reference as paragraphs 1 through 37 of Count II of this Complaint.

39.     Plaintiff allege that defendant CITY through its agents RAYMOND W. KELLY;

GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M.

KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER

engaged in various retaliatory actions against plaintiff as a result of his opposition to race and

color discrimination and as a result of him expressing his first amendment right to criticize

defendants and other public officials in a public forum, in violation of 42 U.S.C. § 2000e-3(a).

40.     That as a result of the illegal acts of defendant CITY through its agents, plaintiff

suffered depression and anxiety and was subsequently terminated.

**COUNT III**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

41.     Plaintiff re-alleges paragraphs 1 through 40 and incorporates them by reference as

paragraphs 1 through 40 of Count III of this Complaint.

42.     Plaintiff allege that defendant CITY through its agents RAYMOND W. KELLY;

GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M.

KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER,

engaged in various severe and hostile actions against plaintiff as a result of his opposition to race

and color discrimination and as a result of him expressing his first amendment right to criticize

defendants and other public officials in a public forum.

43.     That as a result of the severe and hostile acts of the defendant CITY through its

agents, plaintiff suffered depression and anxiety and was subsequently terminated.

**COUNT IV**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

44.     Plaintiff re-alleges paragraphs 1 through 43 and incorporates them by reference as paragraphs 1 through 43 of Count IV of this Complaint.

45.     At all relevant times, plaintiff has been a qualified individual with a disability within the meaning of 42 U.S.C. §12102. More particularly, plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such impairment and/or is regarded by defendants as having such impairment.

46.     Defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, failure to treat plaintiff in a manner comparable to similarly situated disabled individuals, constitutes discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

47.     Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

**COUNT V**
**RETALIATION**
**IN VIOLATION OF**
**TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

48.     Plaintiff re-alleges paragraphs 1 through 47 and incorporates them by reference as paragraphs 1 through 47 of Count V of this Complaint.

49.     Plaintiff allege that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, engaged in various retaliatory actions against him as a result of his opposition to disability discrimination and as a result of him expressing his first amendment right to criticize defendants and other public officials in a public forum, in violation of 42 U.S.C. § 12203(a).

50.     That as a result of the illegal retaliatory acts of the defendant CITY through its

agents, plaintiff suffered depression and anxiety and was subsequently terminated.

## COUNT VI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

51.     Plaintiff re-alleges paragraphs 1 through 50 and incorporates them by reference as paragraphs 1 through 50 of Count VI of this Complaint.

52.     Plaintiff allege that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, engaged in various severe and hostile actions against him as a result of his opposition to disability discrimination and as a result of him expressing his first amendment right to criticize defendants and other public officials in a public forum.

53.     That as a result of the severe and hostile acts of the defendant CITY through its agents, plaintiff suffered depression and anxiety and was subsequently terminated.

## COUNT VII
## AGE DISCRIMINATION
## IN VIOLATION OF
## THE AGE DISCRIMINATION ACT OF 1967

54.     Plaintiff re-alleges paragraphs 1 through 53 and incorporates them by reference as paragraphs 1 through 53 of Count VII of this Complaint.

55.     Plaintiff is a qualified individual and has suffered a tangible employment action after the age of forty.  More specifically, plaintiff was forty-three at the time he was terminated by defendant CITY.

56.     Defendant CITY is engaged in an industry affecting commerce with twenty or more employees.

14

57.     Defendant CITY, through its agents RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS;

CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, discriminated

against plaintiff with respect to his compensation, terms, conditions, or privileges of employment,

because of plaintiff's age.

58.     Defendant CITY through its agents RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS;

CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, has caused,

continues to cause, and will cause plaintiff to suffer substantial damages for pecuniary losses,

mental anguish, loss of enjoyment of life, as well as other non-pecuniary losses.

59.     As a direct and proximate result of defendant CITY's violation of the ADEA the

plaintiff has suffered lost wages, lost benefits and lost employment opportunities.

60.     As a consequence of defendant CITY's unlawful employment practices, plaintiff is

entitled to compensatory damages together with interest.

61.     Defendant CITY's intentional violation of the ADEA was willful, and therefore

plaintiff is entitled to punitive damages.

### COUNT VIII
### RETALIATION
### IN VIOLATION OF
### THE AGE DISCRIMINATION ACT OF 1967

62.     Plaintiff re-alleges paragraphs 1 through 61 and incorporates them by reference as

paragraphs 1 through 61 of Count VIII of this Complaint.

63.     Plaintiff allege that defendant CITY through its agents RAYMOND W. KELLY;

GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M.

KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER,

engaged in various retaliatory actions against him as a result of his opposition to age discrimination and as a result of him expressing his first amendment right to criticize defendants and other public officials in a public forum.

64.     That as a result of the illegal retaliatory acts of the defendant CITY through its agents, plaintiff suffered depression and anxiety and was subsequently terminated.

**COUNT IX**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**TITLE AGE DISCRIMINATION ACT OF 1967**

65.     Plaintiff re-alleges paragraphs 1 through 64 and incorporates them by reference as paragraphs 1 through 64 of Count IX of this Complaint.

66.     Plaintiff allege that defendant CITY through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, engaged in various severe and hostile actions against him as a result of his opposition to age discrimination and as a result of him expressing his first amendment right to criticize defendants and other public officials in a public forum.

67.     That as a result of the severe and hostile acts of the defendant CITY through its agents, plaintiff suffered depression and anxiety and was subsequently terminated.

**COUNT X**
**RACE AND COLOR DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

68.     Plaintiff re-alleges paragraphs 1 through 67 and incorporates them by reference as paragraphs 1 through 67 of Count X of this Complaint.

69.     That by the aforesaid discriminatory acts and omissions of defendants

RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L.

SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and

ARNOLD S. WECHSLER, acting individually and acting in their capacities as supervisory

and/or administrative officials of defendant CITY interfered with plaintiff's right to enforce

contracts under the color of State Law.

     70.     That the purpose of the defendants RAYMOND W. KELLY; GEORGE A.

GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS;

CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, in so acting was

to prevent plaintiff, through economic and psychological intimidation, from seeking the equal

protection of the laws, and from enjoying the equal privileges and immunities of citizens under

the Constitution and laws of the United States and the State of New York including but not

limited to enjoy his right to freedom of speech, movement, association and assembly, to petition

his government for redress of his grievances, to be secure in his person, to be free from

unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and

property without due process of law.

     71.     Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

     72.     As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

**COUNT XI**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

73.     Plaintiff re-alleges paragraphs 1 through 72 and incorporates them by reference as paragraphs 1 through 72 of Count XI of this Complaint.

74.     That by the aforesaid discriminatory acts and omissions of defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, acting individually and acting in their capacities as supervisory and/or administrative officials of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

75.     That the purpose of the defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

76.     Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

77.     As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages, in addition to deprivation of his civil rights.

## COUNT XII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

78.    Plaintiff re-alleges paragraphs 1 through 77 and incorporates them by reference as paragraphs 1 through 77 of Count XII of this Complaint.

79.    Plaintiff alleges that defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, engaged in various retaliatory actions acting individually and in their capacities as supervisory and/or administrative officials of defendant CITY as a result of plaintiff's opposition to race, color and disability discrimination interfering with plaintiff's right to enforce contracts under the color of State Law.

80.    That the purpose of the defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

81.    Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

82.    As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other

monetary damages.

## COUNT XIII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

83.     Plaintiff re-alleges paragraphs 1 through 82 and incorporates them by reference as paragraphs 1 through 82 of Count XIII of this Complaint.

84.     Plaintiff allege that defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, engaged in various severe and hostile actions acting individually and in their capacities as supervisory and/or administrative officials of defendant CITY as a result of plaintiff's opposition to race, color and disability discrimination interfering with plaintiff's right to enforce contracts under the color of State Law.

85.     That the purpose of the defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

86.     Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

87.     As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XIV
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 CONSPIRACY

88.    Plaintiff re-alleges paragraphs 1 through 87 and incorporates them by reference as

paragraphs 1 through 87 of Count XIV of this Complaint.

89.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI;

RAFAEL PINIERO; and ARNOLD S. WECHSLER, under color of law, conspired with one

another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy

freedom of speech, movement, association and assembly, to petition his government for redress

of his grievances, to be secure in his person, to be free from unreasonable searches and seizures,

to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due

process of law.

90.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI;

RAFAEL PINIERO; and ARNOLD S. WECHSLER, acting individually and in their official

capacities as supervisory and/or administrative officers of defendant CITY, under color of law,

and having been fully advised that plaintiff, a Caucasian male, was being deprived of his pension

and constitutional rights, either acted in a concerted, malicious intentional pattern to further

discriminate against plaintiff, or knowing such discrimination was taking place, knowingly

omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of

speech, movement, association and assembly, to petition his government for redress of his

grievances, to be secure in his person, to be free from unreasonable searches and seizures, to

enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due

process of law, all in violation of 42 U.S.C. § 1983.

91.    The defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI;

RAFAEL PINIERO; and ARNOLD S. WECHSLER, in acting to deprive plaintiff of his civil

rights, failed to thoroughly investigate his allegations of discriminatory conduct in the

workplace.

92.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI;

RAFAEL PINIERO; and ARNOLD S. WECHSLER, in acting to deprive plaintiff's rights, acted

intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

93.    Defendants acted in an outrageous and systematic pattern of discrimination,

oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about Early

2000 until July 5, 2005, when plaintiff was terminated.

94.    As a result of the acts of the defendants under color of law, plaintiff suffered

emotional distress, monetary damage, loss of pension rights, and incurred medical and legal

expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the

claims herein.

### COUNT XV
### DISABILITY DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

95.    Plaintiff re-alleges paragraphs 1 through 94 and incorporates them by reference as

paragraphs 1 through 94 of Count XV of this Complaint.

96.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI;

RAFAEL PINIERO; and ARNOLD S. WECHSLER, under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

97.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff, a Caucasian male, was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

98.     The defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

99.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

100.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about Early 2000 until July 5, 2005, when plaintiff was terminated.

101.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XVI**
**AGE DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1967**

102.    Plaintiff re-alleges paragraphs 1 through 101 and incorporates them by reference as paragraphs 1 through 101 of Count XVI of this Complaint.

103.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

104.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff, a Caucasian male, was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

105.    The defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

106.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

107.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about Early

2000 until July 5, 2005, when plaintiff was terminated.

108. As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XVII**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

109. Plaintiff re-alleges paragraphs 1 through 108 and incorporates them by reference as paragraphs 1 through 108 of Count XVII of this Complaint.

110. Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

111. Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, acting individually and in their official capacities as supervisory and/or administrative officers of defendant CITY, under color of law, and having been fully advised that plaintiff, a Caucasian male, was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further

discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

112.    The defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

113.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

114.    Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about Early 2000 until July 5, 2005, when plaintiff was terminated.

115.    As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XVIII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

116.   Plaintiff re-alleges paragraphs 1 through 115 and incorporates them by reference

as paragraphs 1 through 115 of Count XVIII of this Complaint.

117.   Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI;

RAFAEL PINIERO; and ARNOLD S. WECHSLER, under color of law, conspired with one

another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy

freedom of speech, movement, association and assembly, to petition his government for redress

of his grievances, to be secure in his person, to be free from unreasonable searches and seizures,

to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due

process of law.

118.   Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.

ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI;

RAFAEL PINIERO; and ARNOLD S. WECHSLER, acting individually and in their official

capacities as supervisory and/or administrative officers of defendant CITY, under color of law,

and having been fully advised that plaintiff, a Caucasian male, was being deprived of his pension

and constitutional rights, either acted in a concerted, malicious intentional pattern to further

discriminate against plaintiff, or knowing such discrimination was taking place, knowingly

omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of

speech, movement, association and assembly, to petition his government for redress of his

grievances, to be secure in his person, to be free from unreasonable searches and seizures, to

enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due

process of law, all in violation of 42 U.S.C. § 1983.

119.    The defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.
ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI;
RAFAEL PINIERO; and ARNOLD S. WECHSLER, in acting to deprive plaintiff of his civil
rights, failed to thoroughly investigate his allegations of discriminatory conduct in the
workplace.

120.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M.
ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI;
RAFAEL PINIERO; and ARNOLD S. WECHSLER, in acting to deprive plaintiff's rights, acted
intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

121.    Defendants acted in an outrageous and systematic pattern of discrimination,
oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about Early
2000 until July 5, 2005, when plaintiff was terminated.

122.    As a result of the acts of the defendants under color of law, plaintiff suffered
emotional distress, monetary damage, loss of pension rights, and incurred medical and legal
expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the
claims herein.

**COUNT XIX**
**CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)**

123.    Plaintiff re-alleges paragraphs 1 through 122 and incorporates them by reference
as paragraphs 1 through 122 of Count XIX of this Complaint.

124.    That by the aforesaid discriminatory acts and omissions of the defendants, acting
individually and acting in their capacities as supervisory and/or administrative officials of the

NYPD conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to plaintiff.

125. That the purpose of the defendants in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

126. Pursuant to their conspiracy, defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of discrimination and bad faith, all in violation of 42 U.S.C. § 1985 (3).

127. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

**COUNT XX**
**VIOLATION OF FREEDOM OF EXPRESSION AND SPEECH**
**IN VIOLATION OF**
**THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION**

128. Plaintiff re-alleges paragraphs 1 through 127 and incorporates them by reference as paragraphs 1 through 127 of Count XX of this Complaint.

129. The First Amendment of the Bill of Rights of the United States Constitution, makes it unlawful to prohibit the freedom of expression; abridge the freedom of speech; or the

right of people to peaceably assemble.

130. Plaintiff alleges that defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, violated his right to freedom of expression, freedom of speech and his right to assemble peaceably via the internet by illegally monitoring the political activities of the NYPD RANT, a discussion board stored on a server located at www.ezboard.com which is controlled and managed by plaintiff. This board was and is still operating to this day for non-commercial purposes, primarily used as an outlet for police officers to air their personal views about political activities, police department management and other public officials.

131. Defendants though the Internal Affairs Bureau, illegally and without legal excuse monitored the NYPD RANT from Early 2000 until this present date, because the defendants were and continue to be upset about the way they are being portrayed over the internet.

132. Plaintiff allege that defendants displeasure with the NYPD RANT was used as one or more of the basis that eventually resulted in his termination on July 5, 2005.

133. As a result of the aforesaid acts, plaintiff suffered mental anguish, emotional distress, physical illness, and monetary damages.

## COUNT XXI
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

134. Plaintiff re-alleges paragraphs 1 through 133 and incorporates them by reference as paragraphs 1 through 133 of Count XXI of this Complaint.

135. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race

and color. The same legal standards that apply to Title VII claims apply to claims brought under this law.

**COUNT XXII**
**DISABILITY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

136.    Plaintiff re-alleges paragraphs 1 through 135 and incorporates them by reference as paragraphs 1 through 135 of Count XXII of this Complaint.

137.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability. The same legal standards that apply to the ADA apply to claims brought under this law.

**COUNT XXIII**
**AGE DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

138.    Plaintiff re-alleges paragraphs 1 through 137 and incorporates them by reference as paragraphs 1 through 137 of Count XXIII of this Complaint.

139.    New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age. The same legal standards that apply to the ADEA apply to claims brought under this law.

**COUNT XXIV**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

140.    Plaintiff re-alleges paragraphs 1 through 139 and incorporates them by reference as paragraphs 1 through 139 of Count XXIV of this Complaint.

141.    The New York State Executive Law § 296 et seq., makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color, disability and age. The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated. The same legal standards that apply to Title VII, ADA and ADEA claims apply to claims brought under this law.

## COUNT XXV
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

142.    Plaintiff re-alleges paragraphs 1 through 141 and incorporates them by reference as paragraphs 1 through 141 of Count XXV of this Complaint.

143.    The New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color, disability and age. The law also makes it unlawful to create a severe and hostile environment where retaliation and disability discrimination are encouraged and/or tolerated. The same legal standards that apply to Title VII, ADA and ADEA claims apply to claims brought under this law.

## COUNT XXVI
## RACE AND COLOR DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

144.    Plaintiff re-alleges paragraphs 1 through 143 and incorporates them by reference as paragraphs 1 through 143 of Count XXVI of this Complaint.

145.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color. The same legal standards that apply to Title VII claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXVII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

146.    Plaintiff re-alleges paragraphs 1 through 145 and incorporates them by reference as paragraphs 1 through 145 of Count XXVII of this Complaint.

147.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.  The same legal standards that apply to ADA claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXVIII
## AGE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

148.    Plaintiff re-alleges paragraphs 1 through 147 and incorporates them by reference as paragraphs 1 through 147 of Count XXVIII of this Complaint.

149.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age.  The same legal standards that apply to ADEA claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XXIX
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

150.    Plaintiff re-alleges paragraphs 1 through 149 and incorporates them by reference as paragraphs 1 through 149 of Count XXIX of this Complaint.

151.    The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the

basis of race and color, disability and age. The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated. The same legal standards that apply to Title VII, ADA and ADEA claims apply to claims brought under this law.

## COUNT XXX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-502

152.    Plaintiff re-alleges paragraphs 1 through 151 and incorporates them by reference as paragraphs 1 through 151 of Count XXX of this Complaint.

153.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and color, disability and age. The law also makes it unlawful to create a severe and hostile environment where retaliation and disability discrimination are encouraged and/or tolerated. The same legal standards that apply to Title VII, ADA and ADEA claims apply to claims brought under this law.

## COUNT XXXI
## RACE AND COLOR DISCRMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

154.    Plaintiff re-alleges paragraphs 1 through 153 and incorporates them by reference as paragraphs 1 through 153 of Count XXXI of this Complaint.

155.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. However, such punishment cannot be for impermissible reasons such as race and color discrimination. Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXXII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

156.    Plaintiff re-alleges paragraphs 1 through 155 and incorporates them by reference

as paragraphs 1 through 155 of Count XXXII of this Complaint.

157.    New York Administrative Code § 14-115(a), gives the police commissioner broad

discretion to impose punishment on a member of the force including dismissal from the force.

However, such punishment cannot be for impermissible reasons such as disability

discrimination.  Such arbitrary and capricious decisions would be impermissible and violative of

the spirit and purpose of the statute.

## COUNT XXXIII
## AGE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

158.    Plaintiff re-alleges paragraphs 1 through 157 and incorporates them by reference

as paragraphs 1 through 157 of Count XXXIII of this Complaint.

159.    New York Administrative Code § 14-115(a), gives the police commissioner broad

discretion to impose punishment on a member of the force including dismissal from the force.

However, such punishment cannot be for impermissible reasons such as age discrimination.

Such arbitrary and capricious decisions would be impermissible and violative of the spirit and

purpose of the statute.

## COUNT XXXIV
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

160.    Plaintiff re-alleges paragraphs 1 through 159 and incorporates them by reference

as paragraphs 1 through 159 of Count XXXIV of this Complaint.

161.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. However, such punishment cannot be for impermissible reasons such as retaliation.  Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXXV
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 14-115

162.    Plaintiff re-alleges paragraphs 1 through 161 and incorporates them by reference as paragraphs 1 through 161 of Count XXXIV of this Complaint.

163.    New York Administrative Code § 14-115(a), gives the police commissioner broad discretion to impose punishment on a member of the force including dismissal from the force. The law also makes it unlawful to create a severe and hostile environment where retaliation and disability discrimination are encouraged and/or tolerated.  Such arbitrary and capricious decisions would be impermissible and violative of the spirit and purpose of the statute.

## COUNT XXXVI
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE
## LABOR LAW § 740(2)(a),and (c)

164.    Plaintiff re-alleges paragraphs 1 through 163 and incorporates them by reference as paragraphs 1 through 163 of Count XXXVI of this Complaint.

165.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, did take retaliatory actions against plaintiff for the following:

(a) disclosing or threatening to disclose to NYPD supervisors, NYPD policies and practices that are violative of various laws, rules and regulations which created and presented a substantial and specific danger to the public health and safety;

(c) objected to, or refused to participate in any such related activities.

### COUNT XXXVII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT UNDER NEW YORK STATE COMMON LAW

166.    Plaintiff re-alleges paragraphs 1 through 111 and incorporates them by reference as paragraphs 1 through 111 of Count XXXVII of this Compliant.

167.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, intentionally inflicted the aforesaid acts of race and color, disability and age discrimination on plaintiff, with malice, and without legal, economic, business or social justification or excuse, and did so for the sole purpose of causing him emotional distress and anguish.

168.    As a result of the aforesaid intentional acts of defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, the plaintiff has been irreparably damaged.

169.    That because of the willful and malicious acts of the defendants RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, in gross disregard of the civil rights and well-being of the plaintiff, plaintiff is entitled to punitive and exemplary damages.

## JURY TRIAL

170.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that this Court find in his favor and against the Defendants as follows:

a.    Declare that the acts and conduct of defendants CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER, violated Title VII of the Civil Rights Act of 1964; Title I of the Americans with Disabilities Act of 1990; the Age Discrimination Act of 1967; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985(3); the First Amendment of the Bill of Rights of the United States Constitution; New York Executive Law § 296; New York City Administrative Code § 8-502; New York City Administrative Code § 14-115; New York State Executive Labor Law § 740 (2)(a) and (c); and the Intentional Infliction of Emotional Distress and Intentional Interference with Employment Contract Under State Common Law;

b.    Award plaintiff damages for the full value of all compensation and benefits lost past and future, as a result of the defendants' CITY; RAYMOND W. KELLY; GEORGE A. GRASSO; NELDRA M. ZEIGLER; JULIE L. SCHWARTZ; KATHLEEN M. KEARNS; CHARLES V. CAMPISI; RAFAEL PINIERO; and ARNOLD S. WECHSLER unlawful conduct;

c.    Award plaintiff compensatory damages consistent with the aforementioned statues;

d.    Award plaintiff punitive damages consistent with the aforementioned statutes;

      e.      Award plaintiff appropriate compensatory and punitive damages on his individual

torts;

      f.      Award plaintiff prejudgment interest;

      g.      Award plaintiff reasonable attorneys' fees consistent with the aforementioned

statues; and

      h.      Award plaintiff such other relief as this Court deems proper.

Dated:      Lake Success, N.Y.
             October 21, 2005

                              Respectfully submitted,

                              By: _____
                                Eric Sanders (ES0224)

                              Jeffrey L. Goldberg, P.C.
                              Attorneys for Plaintiff
                              2001 Marcus Avenue, Suite S10
                              Lake Success, NY 11042
                              516-775-9400